BETTENDORF PATENTS CO. v. J. R. LITTLE METAL WHEEL CO.*

(Circuit Court of Appeals, Seventh Circuit. April 14, 1903.)

No. 937.

1. PATENTS—INVENTION—METAL WHEELS.

The Bettendorf patent, No. 550,815, for a method of securing metal spokes to metal hubs, is void for lack of patentable invention, in view of the prior art, and especially the Gendron patent, No. 419,009, for a process for fastening castings to whiffletrees, axles, and other similar bodies, which was identical with that of the Bettendorf patent, and its application to the fastening of spokes in hubs an obvious extension of the same principle.

2. SAME—PRIORITY OF INVENTION—SUFFICIENCY OF EVIDENCE.

The testimony of a witness that, according to his recollection, a serious fire occurred in his plant on a certain date, 12 years back, and that he made the invention covered by the patent in suit "about a month" before the fire, is not sufficient to carry the date of invention back of an application for an anticipating patent, which was filed 25 days before the time fixed for the fire.

---

* Rehearing denied May 15, 1903.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Appellant failed in its suit to hold appellee for infringement of letters patent No. 550,815, December 3, 1895, to W. P. and J. W. Bettendorf.

The first and second claims of the patent are as follows:

"(1) The improvement in the art of securing metal spokes to metal hubs, which consists in introducing the end of each spoke into a seamless or undivided socket integral with the hub, and then applying to the hub external pressure sufficient to compress and reduce the socket tightly around the spokes.

"(2) The improvement in the art of securing metal spokes to metal hubs, consisting in forming the hub with seamless or undivided sockets, inserting the spokes endwise into said sockets, and finally applying to the hub external pressure sufficient to compress and reduce in size both the sockets and the contained ends of the spokes."

The application was filed October 3, 1890. In June, 1891, the examiner rejected the claims on reference to letters patent No. 334,252, January 12, 1886, to Little, and No. 419,009, January 7, 1890, to Gendron, saying: "The form of the wheel is old, and the method by which the spokes are fastened in the hub is old. Applicant has not disclosed to the world any new idea or method. He has only applied an old method to Little's old wheel." So far as the file wrapper and contents show, the applicant never made a direct attempt to get rid of that rejection. For five months the application stood thus, and then an interference was declared. Upon the determination of that, the patent was issued in December, 1895, without the record showing any ruling, except the issuance of the patent, in withdrawal of the rejection.

Other facts are stated in the opinion.

Frank D. Thomason, for appellant.
John R. Bennett, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Appellant rests its case upon the second claim.

Appellee presents, among others, the following contentions: That the first claim, on reference to the prior art, is void for want of invention; that the second claim, being for the same process as the first, except in the unspecified amount of further pressure to be applied, is therefore void also; and that the method of each claim is unpatentable, because it simply calls for the operation or function of a machine.

To pass upon these is unnecessary, for we believe that, whether the patent was inadvertently issued or the rejection was deliberately overruled without comment, the expressed opinion of the examiner was right. The Gendron patent published the method of compressing a hollow seamless malleable casting (equivalent to the socket of claim 2) upon and into an embraced cylindric body (equivalent to the inserted spoke), so that the two became interlocked by reason of the encircling casting's being set in a recess formed in the cylinder by the pressure. After the parts to be joined have been placed in position, "pressure," Gendron states, "is then brought to bear upon the dies in any suitable manner, as by means of a hydraulic press or leverage, until the pressure is sufficient to reduce the inner diameter of the tubular portion of the trimming, setting it tightly upon its adjusted

position on the body. * * * The result of this pressure is to press the trimming slightly into the body, forming a seat therein. This of course is but a slight indentation, but sufficient to prevent any possible lateral movement." The Bettendorfs say:

"The socket is confined and subjected to a severe pressure between the anvil and the die and compressed or reduced bodily and permanently, so as tightly to embrace the spoke. * * * The dies are so shaped that they not only reduce the socket, but also reduce to a limited extent the contained end of the spoke, giving the same a reduced diameter near its inner end in order the more effectually to prevent its end motion within the hub."

We think the Gendron process is identical with that of the second claim of appellant's patent. The difference, namely, that Gendron fastens "trimmings to tubular and other bodies," while appellant secures "sockets to spokes," is not a difference in the process, but in the resulting articles. And in view of the fact that Gendron showed that his invention was designed to be used in vehicle manufacture in joining hollow seamless malleable castings "to whiffletrees, axles, and other similar bodies," we cannot ascribe to the transfer of the process to joining hollow seamless malleable spoke sockets to spokes the dignity of invention. Lovell Mfg. Co. v. Cary, 147 U. S. 623, 13 Sup. Ct. 472, 37 L. Ed. 307; C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, 39 L. Ed. 275; Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856; The Johnson Co. v. Toledo Traction Co. (C. C. A. 6th Circuit) 119 Fed. 885.

But appellant claims that its alleged invention antedates Gendron's. Gendron filed his application on October 21, 1889, and the patent issued on January 7, 1890. On October 3, 1890, the Bettendorfs filed their application. These men are largely interested in the appellant company. It is by their testimony, given twelve years after the event, that the Gendron application is sought to be anticipated. W. P. Bettendorf says that their process was conceived in the last three or four months of 1889. Any date in 1889 after October 21st would satisfy the claim of this witness. Appellant, however, asserts that October 16, 1889, is definitely established by the testimony of J. W. Bettendorf. He arrives at the date in this way: There was a serious fire in the Bettendorf plant "on November 16th, as I recollect it"; and the alleged invention was made "about one month prior to the date of the fire." Why were not insurance adjusters with their policies, reporters with their newspapers, and firemen with their department records called to establish the first date? Testimony that something occurred "about a month" preceding a day unestablished, except by the unsupported recollection of an interested witness twelve years after, is too indefinite and uncertain to be accepted as establishing a five days' anticipation of a patent. Clark Thread Co. v. Willimantic Linen Co., 140 U. S. 481, 11 Sup. Ct. 846, 35 L. Ed. 521; Brooks v. Sacks, 81 Fed. 403, 26 C. C. A. 456; Westinghouse Co. v. Saranac Co. (C. C.) 108 Fed. 221.

The decree is affirmed.