### CLARK et al. v. HARMON S. PALMER HOLLOW CONCRETE BLDG. BLOCK CO.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1906.)

No. 1,268.

PATENTS—ANTICIPATION—DESIGN FOR BUILDING STONE.

> The Palmer design patent, No. 36,806, for a design for artificial building blocks, showing the upper portion of the block having a rock face and the lower part smooth, is void for anticipation and lack of invention; it being shown without contradiction that houses still standing were built, prior to the application for the patent, of alternate layers of rock-face and smooth-face stone, presenting substantially the same appearance to the eye as a building of stone made after the design of the patent.

Appeal from the Circuit Court of the United States for the Eastern District of Illinois.

The decree appealed from enjoins appellants not to infringe a patent belonging to appellee and not to compete unfairly in trade. The patent is No. 36,806, issued on February 16, 1904, to Palmer for an ornamental design for artificial building blocks, and reads as follows:

"To All Whom It May Concern:

"Be it known that I, Harmon S. Palmer, a citizen of the United States, residing at No. 1450 Binney street northwest, in the city of Washington, District

of Columbia, have invented a new, original, and ornamental design for artificial building blocks, as disclosed by the accompanying drawings, made a part of this specification, of which the following is a description.

"Figure 1 is a front view of the block, and Fig. 2 is a side view.

"Having thus disclosed my invention, what I claim, and desire to secure by letters patent, is—

"The ornamental design for an artificial building-block substantially as herein shown."

**FIG. 1.**  **FIG. 2."**

 

The alleged unfair competition in trade consisted in selling the alleged infringing building blocks.

Howard G. Cook, for appellants.

Chas. J. Williamson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Witnesses for appellants, whose testimony stands uncontradicted and whose veracity is unassailed, establish several instances of prior use.

In a house, built years before the patent was applied for, layers of rock-face and of smooth-face stones were alternated. If one rock-face stone lying upon a smooth-face stone be taken as a unit, the seam between them is so fine that to the eye of the ordinary observer the design is the same as if one stone were dressed partly rock-face and partly smooth-face. The smooth part in this instance was only about one-fourth of the width of the rock-face, while the patent indicates that the parts are of substantially equal width. On this ground, and for the further reason that the smooth-face and the rock-face parts were not made in one piece, it is contended that the instance in question is not an anticipation. The architect testified that there is no fixed rule respecting the comparative widths of the two layers; and the appearance to the eye would be the same, we find, whether two stones were used or only one with a line of separation marked thereon. But, if it were conceded that this instance is not sufficient as an anticipation, we are of the opinion that there was no invention in taking as a design for one piece a design that had appeared from the use of two pieces in conjunction.

The objections as to the relative widths and as to the design not appearing on one stone are met by the other instances.

Bearing in mind the familiar rule, we find no basis for the slightest doubt of the testimony concerning prior use. The witnesses said that the structures were in existence, as erected, at the time they were testifying. Owners, architects, workmen, averred that the structures were put up many years prior to the application for the patent. Ap-

pellee offered no evidence in contradiction, and was and is content to invoke the rule of reasonable doubt. The structures speak for themselves on the question of design. Their nature and their location were such that no pretense can be made that they were erected for the purposes of this case. As to their age, the pertinent question here was not whether a particular building was, erected in 1881 or in 1882, for instance, but whether the buildings were in existence prior to the alleged invention in 1904. On that we think it not unfair to conclude that the appearance of the structures convinced appellee that the testimony as to age could not be disputed. The Barb Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 36 L. Ed. 154, Bettendorf Patents Company v. Little Metal Wheel Company, 123 Fed. 433, 59 C. C. A. 473, and other cases in which the thing done can only be known as it is reconstructed, years afterwards, from the memory of witnesses, have no pertinency.

As to the unfair competition branch of the case, there is no evidence whatever on which to support the decree. Appellants simply sold the alleged infringing blocks as of their own make, with no attempt and no intent to palm them off as the goods of another.

The decree is reversed, with the direction to dismiss the bill for want of equity.